## Case No. 18,035.

### WOOSTER v. CALHOUN et al.

[11 Blatchf. 215; 6 Fish. Pat. Cas. 514; Merw. Pat. Inv. 197.] [1]

Circuit Court, S. D. New York. June 30, 1873.

PATENT FOR RUFFLE—IMPROVEMENT IN MANUFACTURE.

1. A patent for a ruffle, to be made by machinery, cannot be sustained, where the ruffle is identical, in mechanical construction, with a ruffle before made, although the machinery, or the process it works, performs at one operation what before required more than one.

[Cited in Excelsior Needle Co. v. Union Needle Co., 32 Fed. 224; Blumenthal v. Burrell, 43 Fed. 670; Risdon Iron & L. Works v. Medart, 158 U. S. 83, 15 Sup. Ct. 751.]

2. The product of a machine is not patentable merely because the machine makes an already known article more perfectly than it has been, or can be, made without a machine.

[Cited in Holliday v. Pickhardt, 29 Fed. 860.]

[This was a bill in equity by Emma C. Wooster against John C. Calhoun and others. Final hearing on pleadings and proofs. Suit brought on letters patent [No. 42,403] for "improvement in band-ruffles," granted Thomas Robjohn, April 19, 1864, and assigned to complainant. The claim of the patent is "a banded ruffle, whether crimped, fluted, ruffled, or shirred, when said ruffle is made of two thicknesses of goods, substantially as herein described."] [2]

Frederic H. Betts and Clarence A. Seward, for plaintiff.

Edwin W. Stoughton, for defendants.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 11 Blatchf. 215, and the statement is from 6 Fish. Pat. Cas. 514. Merw. Pat. Inv. 197, contains only a partial report.]

[2] [From 6 Fish. Pat. Cas. 514.]

WOODRUFF, Circuit Judge. My conclusion in this case is, that the bill of the complainant, upon the proofs herein, cannot be sustained.

1. Irrespective of the specific question, whether the alleged inventor, Thomas Robjohn, was the first to make the precise ruffle described in the patent, or whether, on the other hand, it was made at an earlier date by the defendants, I am of opinion, that, in the state of the art at the time when the complainant claims that Robjohn invented the ruffle in question, it was not the subject of invention. It embodied no new idea whatever. In mechanical construction, it was identical with what had been made by hand long before. If it possessed greater beauty, greater evenness and regularity of its plaits, than the ruffling made by hand, that was due to the machinery by which it was made, and not to the invention of the maker in suggesting any novelty but such as pertains to quality or degree of perfection in what was old. If it be conceded that such evenness, regularity of plaits, beauty, and finish, exceeding anything which it is possible to produce by hand, made it a patentable article of manufacture, notwithstanding it is, in other respects, like ruffling before made, still, it was not new in such sense as to be patentable. Just such even, regular, beautiful, finished plaits were made and on sale before. Just the same wavy edge of the ruffle was exhibited in all finely plaited ruffling, whether done by hand or by a machine. Ruffling with two rows of stitches along what is called the band, or substitute for a separate band, was in use before. Machine-made ruffling, with very narrow plaits, had all the regularity and evenness and the wavy edge. The point of difference most insisted upon is, that none had, at that time, the edge of the band hemmed or turned up. I cannot agree, that, if there be ruffling known and in the market, which requires to be hemmed before being used, or when put to use, one who hems it before offering it for sale has made a patentable invention, and can monopolize the business of hemming ruffles. The mistake of the complainant is, in confounding a process, or a machine for performing, at one operation, what before required more than one, with the product of the operation. The former may be patentable; the latter is not. There is no just pretence that there were not other ruffles, made by machinery, with like plaits, like double stitching, like construction generally; or that ruffles made before would not, if the edge of the band be turned up or hemmed, be, in every material respect, the same. If the complainant had invented a machine by which the whole process of plaiting, stitching, hemming, &c., could be done at a single operation, that might be secured to her. But, because the product is the result of one operation, in-

stead of two or more, is no ground for a patent for it as a product.

Nor am I prepared to assent to the proposition, that the product of a machine is patentable on the mere ground that it makes an already known article more perfectly than it has been, or can be, made without a machine. The idea being old, men strive to embody it perfectly. Human skill is exhausted in the effort. Human hands, less exact and unvarying in their movements, only approximate perfection. A machine is devised which makes it better than it has ever before been made. Another machine is invented which approaches more nearly. Still another machine is invented which performs, it may be, better, it may be, not so well. Is the product of the best human skill, in such case, patentable? Is the product of each successive machine patentable? If all the makers are not entitled to a patent for the article as a product, which of them is entitled? Surely, improvements in degrees or quality are not the subject of a patent.

2. The preponderance of the evidence is, that the alleged inventor, Robjohn, was not the first to make the ruffle claimed. Laying out of view hand-made ruffles, and, for the present, the machine-made ruffles above alluded to, the proof shows, that ruffles embracing all the features of the ruffle claimed to have been invented by Robjohn, were made at New Haven, by machine, and at the manufactory of the defendants, before Robjohn made them. If the testimony of the witness Kellogg be credited, this is most distinctly proved. If the criticisms upon his testimony be deemed to impair his credibility, I am of opinion that the testimony of the witness Robjohn, in behalf of the complainant, is, certainly, not less subject to distrust. Without the testimony of either, the defendants must be deemed to have made ruffles embodying all of the peculiarities of the ruffle in question, earlier than the complainant. If the defendants' ruffle, which has a separate strip stitched upon; or made a part of the band, be deemed a mere addition to the ruffle claimed by the complainant, and, as such, an infringement, if the complainant were entitled to the monopoly, then, clearly, if the defendants made that ruffle before the complainant made the same, with or without such added strip, the complainant cannot become entitled to a monopoly of the ruffle without the strip, unless it be held, that, without the strip, the ruffle is a distinct manufacture. Upon all the proofs, I am constrained to find that the complainant's assignor was not the first inventor of the ruffle claimed.

Upon either or both grounds, therefore, the bill of complaint must be dismissed.

[For another case involving this patent, see Wooster v. Blake. 23 Fed. 49.]